**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**LAREDO DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| **v.** | § | **CRIMINAL NO. 5:25-CR-1285** |
| | § | |
| **JAIME DIAZ** | § | |

**GOVERNMENT'S OBJECTION TO DEFENDANT'S**
**PROPOSED JURY INSTRUCTION**

The United States of America, by and through its United States Attorney, and the undersigned Assistant United States Attorney, objects to Defendant's, Jaime Diaz, Proposed Jury Instruction and shows onto the Court the following:

On November 5, 2025, Defendant filed his Proposed Jury Instruction requesting a 'Self Defense' instruction. *See* Docket Document No. 79. A defendant bears the initial burden of producing self-defense evidence sufficient for a reasonable jury to find in the defendant's favor. If the defendant cannot meet its burden a district court should deny a self-defense instruction. Because Defendant cannot meet his burden for a self-defense instruction, the Court should deny Defendant's request.

**ARGUMENT**

In *Branch*, the Fifth Circuit ruled that the ""merest scintilla of evidence" in the defendant's favor does not warrant a jury instruction regarding an affirmative defense for which the defendant bears the initial burden of production. *See U.S. v. Branch,* 91 F.3d 699, 712 (5th Cir. 1996) (*citing to United Sates v. Jackson,* 726 F.2d 1466, 1468 (9th Cir. 1984). The Court further guided "there must be "evidence sufficient for a reasonable jury to find in [the defendant's] favor." We have insisted that the evidence be sufficient to raise a factual question for a reasonable jury." *Id.* The *Branch* Court instructed that self-defense is an affirmative defense on which defendant bears initial

burden of production; if and only if defendant has met his burden of production, government bears burden of persuasion and must negate self-defense beyond a reasonable doubt. *Id.* at 714. However, the general principle of self-defense must accommodate an individual's duty to accede to lawful government power and the special protection due federal officials discharging their official duties. *Id.*

To receive a self-defense jury instruction against a federal agent, Defendant needs to show sufficient evidence from which a reasonable juror might infer, at a minimum that 1) Defendant did not know Border Patrol Agent K.O.'s identity as a federal agent,[1] or 2) Border Patrol Agent K.O.'s use of force, viewed from the perspective of a reasonable agent at the scene, was objectively unreasonable under the circumstances.[2] *Id.* at 715. Like *Branch*, there is no doubt Defendant knew Border Patrol Agent K.O.'s identity. *See id*. at 715. Like *Branch,* Border Patrol K.O. was lawfully executing his official duties. *Id.* at 716-7. Border Patrol Agent K.O. only used sufficient force necessary to arrest Defendant. In addition, Defendant is precluded from a self-defense instruction because "[i]t is a necessary precondition to the claim of self-defense that [] [D]efendant[] be free from fault in prompting [] Border Patrol Agent K.O.'s use of force. Because of the aforementioned, the Court should deny Defendant's proposed jury instruction.

## CONCLUSION

The Government requests that this Court deny Defendant's proposed jury instruction because: 1) Defendant knew Border Patrol Agent K.O.'s identity as a federal agent; 2) Border Patrol Agent K.O. was lawfully executing his duties and only used sufficient force to arrest Defendant; and 3) Defendant caused Border Patrol Agent to use force when Defendant failed to obey lawful command. The Court should deny Defendant's request for a self-defense instruction.

---

[1] The *Branch* Court cites to *United States v. Morton,* 999 F.2d 435, 437 – 23 (9th Cir. 1993).
[2] The *Branch* Court cites to *United States c. Span,* 970 F.2d 573, 577 (9th Cir. 1992).

Respectfully submitted,

Nicholas J. Ganjei
United States Attorney

By: _____

Manuel A. Cardenas, Jr.
Assistant United States Attorney

## CERTIFICATE OF SERVICE

I hereby certify that a copy of Government's Motion *in Limine* has been delivered to the attorney for defendant via ECF on November 10, 2025.

_____

Manuel A. Cardenas, Jr.
Assistant United States Attorney

3